J-S18010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN M. RIOS | : | |
| | : | |
| Appellant | : | No. 769 MDA 2019 |

Appeal from the PCRA Order Entered April 26, 2019,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s):  CP-35-CR-0002011-2010.

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 10, 2020**

Juan M. Rios appeals from the order denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history, as gleaned from the certified record, are as follows.  On October 25, 2010, Rios entered a negotiated guilty plea to three counts of aggravated indecent assault-complainant less than thirteen years of age.  As part of the plea agreement, the Commonwealth withdrew five other charges.  On March 1, 2011, the trial court sentenced him to an aggregate term of fifteen to thirty years of imprisonment.  Rios was not designated a sexually violent predator, but was required to register for life

_____

[*] Former Justice specially assigned to the Superior Court.

under Megan's Law. He filed a motion for reconsideration of sentence, which the trial court denied on March 9, 2011. Rios did not file a direct appeal.

On September 10, 2018, Rios filed a "Motion to Be Removed from SORNA (and Vacate Sentence)." Because Rios' judgment of sentence had already become final, the PCRA court treated this filing as a PCRA petition, and appointed counsel. On November 13, 2018, PCRA counsel filed a "no-merit" letter and motion to withdraw pursuant to the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, Rios filed an addendum to his *pro se* PCRA petition. On March 26, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Rios' petition because it was untimely filed and because Rios did not plead a time-bar exception. In the same order, the court granted PCRA counsel's motion to withdraw. Rios filed a response. By order entered April 26, 2019, the PCRA court denied Rios' PCRA petition. This timely *pro se* appeal followed. Both Rios and the PCRA court have complied with Pa.R.A.P. 1925.

Rios' *pro se* brief does not contain a statement of his issues. However, in the argument portion of his brief, Rios claims that he was "denied his Sixth Amendment right to effective assistance of counsel, when [plea] counsel withheld exculpatory records" of the child victims from him. Rios' Brief at

unnumbered 4.[1]  Before we consider this claim, we must first consider whether the PCRA court correctly determined that his current PCRA petition was untimely filed.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."  **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b) (1)(i), (ii), and (iii), is met.[2]  A PCRA petition invoking one of these

_____

[1] Within his brief, Rios also makes multiple other claims of ineffectiveness of counsel.  As noted **infra**, because the PCRA court correctly determined that Rios' petition was untimely, we lack jurisdiction to address these issues.

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

statutory exceptions must be filed within sixty days of the date the claims could have been presented. **See** Pa.C.S.A. § 9545(b)(2).[3] Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Here, because Rios did not file a direct appeal to this Court after he was sentenced on March 1, 2011, his judgment of sentence became final thirty days thereafter, or on March 31, 2011. **See** 42 Pa.C.S.A. § 9545(b)(3). Thus, for purposes of the PCRA's time bar, Rios had to file his first PCRA petition by March 31, 2012. Rios filed the PCRA petition at issue on September 10, 2018. Thus, the petition is patently untimely, unless Rios has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

---

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] Section 9545(b)(2) has since been amended to enlarge this period from sixty days to one year. **See** Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3. The sixty-day time period applies in this appeal.

Rios has failed to plead and prove a timeliness exception. Most significantly, because he failed to raise any time-bar exception in his petition, Rios cannot raise one for the first time on appeal. *Furgess*, *supra*.[4]

Within his brief, Rios asserts that, "In cases involving ineffectiveness *per se* in [PCRA] proceedings, 42 Pa.C.S. § 9545(b)(1)(ii) is a limited extension of the one-year requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control." Rios' Brief at 5. Rios then asserts that he "should be granted the exception rule beyond the one-year limit because the facts of the medical records were never made known to him prior" to his decision to enter a guilty plea. *Id.* at 7.

With this claim, Rios attempts to establish the PCRA's timeliness exception found at section 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s)

---

[4] When issuing its Rule 907 notice, the PCRA court correctly concluded that Rios could not rely on our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) to invoke the "new constitutional right" time-bar exception pursuant to 42 Pa.C.S.A. section 9545(b)(1)(iii). *See* PCRA Court Opinion, 3/26/19, at 1 n.2. Our review of the record reveals that Rios' first referred to the section 9545(b)(1)(ii) exception in his Rule 907 response. *See* Evidentiary Hearing Requested and Motion to Appear by Video Conference, 4/8/19, at 2.

earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Even if Rios had raised this exception in his PCRA petition, it is clearly without merit. Initially, we note PCRA counsel reviewed this case for Rios and determined that he had no non-frivolous issues to appeal. Thus, his claim of *per se* ineffectiveness and/or "abandonment" by PCRA counsel is refuted by the record. *See* Rios' Brief at 8-9.[5] The same is true with regard to plea counsel's alleged failure to procure the victims' medical records. Indeed, within his brief Rios concedes that he is not even aware of whether such records exists. *See* Rios' Brief at unnumbered 11. Additionally, Rios does not discuss his due diligence. Therefore, Rios' claim would fail because he cannot establish what new facts he had recently discovered or when he learned of them.

In sum, because the PCRA court correctly concluded that Rios failed to establish a PCRA time-bar exception, Rios' PCRA petition is untimely. Accordingly, neither the PCRA court nor this Court has jurisdiction to review

_____

[5] Rios' reliance upon our Supreme Court's recent decision in *Commonwealth v. Peterson*, 192 A.3d 1123, 1130 (Pa. 2018) is easily distinguishable, because it involved a claim of *per se* ineffectiveness when counsel filed Peterson's first PCRA petition one day late, thereby denying the petitioner a review of his post-conviction claims. Here, the PCRA court agreed with PCRA counsel's determination that Rios untimely filed his first PCRA petition.

his underlying claims. ***Commonwealth v. Harris***, 114 A.3d 1, 6 (Pa. Super. 2015). We therefore affirm the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/10/2020